# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **DEWAYNE ROY WILSON,** | ) |
| Plaintiff, | ) Case No. 7:15CV00040 |
| v. | ) **OPINION** |
| **ERIC HOLDER, ET AL.,** | ) By: James P. Jones |
| Defendants. | ) United States District Judge |

*Dewayne Roy Wilson, Pro Se Plaintiff.*

Plaintiff Dewayne Roy Wilson, a federal inmate proceeding pro se, filed this civil rights action under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 395-97 (1971), seeking monetary damages from persons who allegedly caused him to serve more prison time than authorized by law, in violation of the U.S. Constitution and other federal laws.[1] I must consider Wilson's claims against state officials under 42 U.S.C. § 1983. After review of the complaint, I find that it must be summarily dismissed without prejudice as frivolous.

## I.

As alleged in his Complaint, the events relevant to Wilson's civil rights claims begin in February 1999, when authorities in Charlottesville, Virginia,

---

[1] Wilson is currently incarcerated at Federal Correctional Institution ("FCI") Ray Brook, in New York.

brought criminal charges against him for forging public documents related to gun ownership and removing serial numbers from a handgun. Wilson pleaded guilty in May 2000 to a federal charge regarding the serial numbers. He claims that credit for jail time served in relation to these charges was confused by his use of three different aliases during this period. He was released from jail in Charlottesville in December 2000.

Authorities in Essex County, New Jersey, arrested Wilson in March 2002 on outstanding state charges and on warrants for violations of Virginia and federal probation. On October 4, 2002, a New Jersey judge sentenced Wilson to time served on one of the state charges there and a month later, Wilson was told that his other New Jersey charges had been dismissed. Wilson remained in jail, however, until he was extradited on January 14, 2003, by the Charlottesville sheriff to answer for the state and federal probation violations. The Virginia court sentenced him on May 27, 2003, to serve an 18-month term in the Virginia Department of Corrections ("VDOC").

Wilson secured a full-term release from this state probation violation sentence on April 21, 2004, only to be arrested on the federal probation charge and detained at a local jail under the alias of Dwayne Oliver. The federal court sentenced him as Dwayne Oliver on May 10, 2004, to serve ten months in prison, and federal marshals transported him to FCI Morgantown. Prison officials placed

Oliver in segregation, based on records that he had previously absconded from two charges in New Jersey. When Oliver denied absconding, officials investigated, and Essex County authorities lodged a detainer for two 1998 New Jersey charges. Prison officials increased Oliver's security classification and transferred him to FCI Cumberland in September 2004.

While at FCI Cumberland, Oliver (a.k.a. Wilson) began complaining to federal and New Jersey officials that he had never received credit against any sentence for the 102 days of jail time he served in New Jersey between October 4, 2002, and January 14, 2003. After release from his federal sentence in January 2005, Wilson was extradited from Maryland to Essex County, New Jersey. He was released on bond there on February 17, 2005. Ultimately, on February 14, 2006, Essex County dismissed all state charges, purportedly because the arresting officer was deceased.

Despite the fact that Wilson's Virginia probation and federal supervision had been transferred to New Jersey, he traveled to Virginia in October 16, 2006, where he was arrested for driving under the influence and for violations of state and federal supervision. He was sentenced to serve two years in prison for the Virginia charges. After his release on August 15, 2008, federal authorities transported him back to Essex County, where the New Jersey District Court sentenced him to eight months for violating his federal supervised release. Wilson served this sentence at

a federal prison facility in Brooklyn, New York, and secured his release on January 23, 2009.

Based on this narrative, Wilson filed this civil rights action against the United States Attorney General and other federal and state officials in five jurisdictions, seeking compensatory and punitive damages.[2] He asserts, in general terms, that unspecified defendants wronged him by violating federal law regarding the proper application of jail credits; mishandling his federal probation violation proceeding; punishing him in excess of the law in violation of the Ex Post Facto Clause; violating federal administrative procedure; failing to investigate the miscalculation of his sentence, which caused him to suffer false imprisonment, false arrest, and unconstitutional punishment; and violating the anti-shuttling provision of the Interstate Agreement on Detainers Act.

## II.

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). The frivolity review described in this section "accords

---

[2] The defendants Wilson names are: Eric Holder, United States Attorney General; the Essex County, New Jersey, sheriff, jail director, prosecutor, and public defender; the Charlottesville, Virginia, sheriff and jail superintendent and two Charlottesville police detectives; the manager of the VDOC sentencing calculation authority, in Richmond, Virginia; and the wardens of FCI Morgantown, in West Virginia, and FCI Cumberland, in Maryland.

judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

An action under *Bivens* is similar to an action under 42 U.S.C. § 1983, except that the former is maintained against federal officials for constitutional violations, while the latter is against state officials for violations of constitutional or other federally protected rights. *See Carlson v. Green*, 446 U.S. 14, 18-19 (1980) (applying *Bivens* in prison context); *Butz v. Economou*, 438 U.S. 478, 504 (1978). Under *Bivens* or § 1983, the plaintiff must show that the defendant's personal conduct violated his rights. *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (*Bivens*); *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (finding that § 1983 "liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiffs' rights" because "[t]he doctrine of respondeat superior has no application under this section.") (internal quotation marks and citations omitted).

Wilson fails to state facts about conduct that any one of the defendants personally undertook in violation of his rights. His narrative complaint does not mention the defendants by name or describe anything they did to violate Wilson's constitutional or other federally protected rights. Under § 1983 and *Bivens*, Wilson

cannot hold any of them liable merely based on the employment positions they held during the events of which he complains. Because his complaint thus provides no factual basis for actionable federal claims against the defendants, I will summarily dismiss the complaint under § 1915A(b)(1) as frivolous.

Regardless of additional facts Wilson might be able to provide, however, he has simply waited too long to bring this lawsuit, and as a result, all of his claims in this action are barred by the applicable statutes of limitation. When it is clear from the face of the complaint that the plaintiff's claim is barred by an applicable statute of limitations, the court may summarily dismiss the complaint without prejudice as frivolous. *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 956 (4th Cir. 1995) (en banc).

Federal civil rights actions under *Bivens*, like civil rights actions against state officials under § 1983, are governed by the statute of limitations for personal injuries in the state where the tort allegedly occurred. *See Owens v. Okure*, 488 U.S. 235, 239-40 (1989) (§ 1983); *Reinbold v. Evers*, 187 F.3d 348, 358 n. 10 (4th Cir. 1999) (*Bivens*). A claim under § 1983 or *Bivens* accrues when the plaintiff knows enough about the harm done to him to bring his lawsuit. *Nasim*, 64 F.3d at 955 (regarding § 1983 claim accrual); *Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995) (finding that courts generally apply law of civil rights cases under § 1983 to *Bivens* cases) (citing other cases).

Wilson alleges miscalculations of his terms of confinement on sentences imposed by state and federal courts in Virginia and New Jersey. The applicable statutory filing period for a § 1983 or *Bivens* claim for a personal injury arising from events in Virginia or New Jersey is two years. *See* Va. Code Ann. § 8.01-243(a); N.J.S.A. § 2A:14-2. Thus, such a claim, based on events that occurred in either of these states, must be brought within two years from the time when the plaintiff knew enough facts to bring his lawsuit.

It is clear from the face of Wilson's complaint that he knew the facts concerning all of his claims before the time of his release from incarceration in 2009. Yet, Wilson did not file this action until February 2015, more than six years after any of the alleged violations occurred. Thus, any viable claim he may have had against any of the defendants under § 1983 or *Bivens* is time barred under the applicable limitations statutes. On that ground also, I will summarily dismiss Wilson's entire action under § 1915A(b)(1) as frivolous.

A separate Final Order will be entered herewith.

DATED: June 15, 2015

/s/ James P. Jones
United States District Judge